```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/5/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REBECCA BRUSH.

                Plaintiff,

-against-

KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,

                Defendant.

20-CV-2796 (VEC) (KNF)

ORDER

VALERIE CAPRONI, United States District Judge:

      Plaintiff Rebecca Brush brings this action pursuant to 42 U.S.C. § 405(g) seeking review of an administrative law judge's ("ALJ") decision denying her application for disability insurance benefits. The parties have cross-moved for judgment on the pleadings. *See* Dkts. 18, 25. On May 28, 2021, Magistrate Judge Fox issued a Report and Recommendation ("R&R"), recommending that Plaintiff's motion be granted, that the Commissioner's motion be denied, and that the case be remanded for further proceedings. R&R, Dkt. 29. Neither party filed objections. For the following reasons, the Court ADOPTS the R&R in full. Plaintiff's motion is GRANTED, Defendant's cross-motion is DENIED, and the case is REMANDED for further proceedings consistent with Judge Fox's R&R.

## DISCUSSION

      In reviewing final decisions of the Social Security Administration ("SSA"), courts "conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) (quoting *Kohler v. Astrue*, 546 F.3d 260, 264–65 (2d Cir. 2008)). "'Substantial evidence' is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept

as adequate to support a conclusion.'" *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (per curiam) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *King v. Greiner*, No. 02-CV-5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (quoting *Wilds v. United Parcel Serv. Inc.,* 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)).

Careful review of Judge Fox's R&R reveals that there is no clear error in his conclusions. As the R&R explains, the ALJ committed multiple errors of law and made erroneous, inconsistent, and unsupported factual findings: the ALJ failed to complete the record, as was required, *see* R&R at 16–17; *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996) ("[T]he ALJ generally has an affirmative obligation to develop the administrative record"); exceeded her authority, effectively substituting her opinion for that of a medical source, by determining that treating psychologist Dr. Ogulnick's opinion should not receive "controlling weight" due to an "absence" of significant interventions and treatments on the record, R&R at 17–19; *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (finding that the treating physician rule generally requires deference to a treating physician's opinion, except when "the treating physician issued opinions that are not consistent with other substantial evidence *in* [rather than absent from] the record" (emphasis added)); and failed to consider and apply the factors set forth in 20 C.F.R. § 404.1527(c)(2) in determining the weight to give Dr. Ogulnick's opinion, *see* R&R at 17–19; *Halloran*, 362 F.3d at 32 ("An ALJ who refuses to accord controlling weight to the medical opinion of a treating physician must consider various 'factors' to determine how much weight to

give to the opinion."). Accordingly, the Court adopts the R&R in full.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings is GRANTED. Defendant's cross-motion for judgment on the pleadings is DENIED. This case is REMANDED to the Commissioner pursuant to 42 U.S.C. §405(g) for further proceedings consistent with Judge Fox's R&R. Because the R&R gave the parties adequate warning, *see* R&R at 19–20, Defendant's failure to file objections to the R&R precludes appellate review of this decision. *See Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (citing *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988)).

The Clerk of Court is respectfully directed to terminate all open motions and to close this case.

**SO ORDERED.**

Date: **August 5, 2021**
      **New York, NY**

      **VALERIE CAPRONI**
      **United States District Judge**