**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
REBECCA BRUSH,

<table>
<tr><td></td><td>Plaintiff,</td><td><u>**ORDER**</u></td></tr>
<tr><td></td><td>-against-</td><td>**20-CV-2796 (VEC) (JW)**</td></tr>
</table>

COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,

        Defendant.
------------------------------------------------------------------X
**JENNIFER E. WILLIS, United States Magistrate Judge:**

On August 6, 2021, this matter was remanded to the Commissioner of Social Security for further proceedings. Dkt. No. 31. On September 29, 2021, the Court approved a stipulation and order for the allowance of Plaintiff's counsel's fees under the Equal Access to Justice Act ("EAJA"). Dkt. No. 34. Plaintiff's counsel was awarded $8,500.00 in attorney's fees. Id. On October 15, 2025, Petitioner filed the instant motion for attorney's fees pursuant to 42 U.S.C. § 496(b). Dkt. No. 35. Commissioner filed a response on December 4, 2025. Dkt. No. 41.

## BACKGROUND

### A. Plaintiff's Motion for Attorney's Fees.

Petitioner filed the instant motion for an award of attorney's fees based on the contingency fee agreement between Plaintiff and Petitioner. Dkt. No. 35 at 1. The retainer agreement stated that Petitioner would "pay 25% of the past due benefits as an attorney fee," and that if the case is successful counsel "will move before the Federal Court for approval of a fee not to exceed 25% of retroactive benefits due to

claimant." Dkt. No. 36-1.  Twenty-five percent of Plaintiff's past due benefits amounts to $12, 686.20. Dkt. No. 36 at ¶ 8.  Thus, Petitioner seeks an award of $12,686.20.  Id.  Petitioner affirms that he spent 44.2 hours on the representation of Plaintiff, which is equivalent to an hourly fee of $287.01 per hour. Id.

### B. The Commissioner's Response.

Though the Commissioner has no direct financial stake in the outcome of Petitioner's motion, the Commissioner "plays a part in the fee determination resembling that of a trustee for the claimants."  Dkt. No. 41 at 1 (citing Gisbrecht v. Barnhart, 535 U.S. 789, 798 n.6 (2002)).  The Commissioner does not take a position as to whether the attorney's fees request is reasonable.  Id. at 2. However, the Commissioner requests the Court direct Petitioner to reimburse the fees he previously received under the EAJA to Plaintiff pursuant to 42 U.S.C. § 406(b).

### LEGAL STANDARD

"Whenever a court renders a judgment favorable to a claimant under [the Social Security Act] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A).  Section 406(b) "calls for court review of [contingency fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. at 807.  "[T]he district court may reduce the

2

amount called for by the contingency agreement only when it finds the amount to be unreasonable." Sink v. Comm'r of Soc. Sec., No. 16 Civ. 1094 (NSR) (PED), 2020 WL 6827839, at *2 (S.D.N.Y. Nov. 20, 2020) (quoting Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990)).

The Second Circuit has identified three factors to be considered in the Court's reasonableness inquiry: "(a) the character of the representation and the result the representation achieved, (b) whether counsel was responsible for a delay that unjustly allowed counsel to obtain a percentage of additional past-due-benefits, and (c) whether the requested amount is so large in comparison to the time that counsel spent on the case 'as to be a windfall to the attorney.'" Figueroa v. Comm'r of Soc. Sec., No. 22 Civ. 3759 (SLC), 2024 WL 5039633, at *2 (S.D.N.Y. Dec. 9 2024) (citing Fields v. Kijakazi, 24 F.4th 845, 853-56 (2d Cir. 2022).

With respect to the third factor, whether the requested attorney's fees amount to a "windfall," the court should consider: (1) the ability and expertise of the lawyers and whether they were particularly efficient (2) the nature and length of the professional relationship with the claimant, (3) the satisfaction of the claimant, and (4) the uncertainty of success and the effort it took to achieve that result. Fields, 24 F. 4th at 853-56.

Finally, if a court awards fees under both the EAJA and § 406(b), the attorney is required to refund the amount of the smaller fee to the claimant. Gisbrecht, 535 U.S. at 796.

## DISCUSSION

The two issues before the Court are (1) whether the § 406(b) motion was timely; and (2) whether the requested fees are reasonable.

### A. Timeliness.

Section 406(b) applications are subject to Federal Rule of Civil Procedure 54(d)(2)(B), which states that a claim for attorney's fees must "be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i); see also Sinkler v. Berryhill, 932 F.3d 83, 87-88 ("[W]e conclude . . . that Rule 54(d)(2)(B) provides the applicable limitations period for filing § 406(b) motions."). Here, counsel received the award notice on October 14, 2025. Dkt. No. 37 at ¶ 3. The motion for attorney's fees was filed one day later on October 15, 2025. Id. Accordingly, Petitioner's motion for attorney's fees was timely.

### B. Reasonableness of the Fees Sought.

Here, the three factors weigh in favor of a finding that the attorney's fees requested are reasonable. First, the result of the representation was favorable to Plaintiff, who was awarded disability benefits and retroactive benefits. Second, nothing in the record suggests an undue delay. Third, the amount requested, $12,686.20 is not a "windfall," because (1) Petitioner was efficient in resolving this matter with 44.2 hours of billed work; (2) the professional relationship between Petitioner and Plaintiff lasted the duration of the representation for the appeal; (3) the Plaintiff, having won their benefits upon remand, is presumed satisfied., and (4)

4

this matter included as much uncertainty as the average appeal of a denial of benefits. Additionally, the fee is lower than other awards that have been approved in this District. See e.g., Sink, 2020 WL 6827839, at *3; Polanco v. Saul, No. 16 Civ. 9532 (CM) (OTW), 2020 WL 556962, at *3 (S.D.N.Y. Sept. 17 2020).

## CONCLUSION

For the reasons stated above, Petitioner's Motion for Attorney's Fees is **GRANTED**. Petitioner is awarded $12,686.20 in attorney's fees. Petitioner is ordered, within five business days of receipt of the attorney's fees pursuant to § 406(b) to refund the EAJA fee to Plaintiff and file a declaration on the docket confirming the refund.

**The Clerk of Court is respectfully requested to close Dkt. No. 35.**

SO ORDERED.

DATED:     New York, New York
           June 15, 2026

                                        _Jennifer E. Willis_
                                        JENNIFER E. WILLIS
                                        United States Magistrate Judge

5